**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JAMES V. CORNELIUS, JR., ) | |
| ) | CASE NO.  1:05 CV 545 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| REGINALD WILKINSON, *et. al.*, ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| Defendant. ) | **ORDER** |

On August 6, 2007, Plaintiff James Cornelius filed a Motion for Permission to Appeal *In Forma Pauperis*.[1]  (Doc. No. 70.)  Previously, the Court granted Defendants' motion for summary judgment.  (Doc. No. 63.)  The Court found that Plaintiff failed to present evidence indicating that Defendant Dong Sung Chung acted with deliberate indifference to Plaintiff's serious medical needs.  *Id*.  The Court also found that Plaintiff's allegation, that the conditions of his confinement violated the Eighth Amendment, failed to state a claim that would entitle him to relief against Defendant Arevenise Melton based on the factual record.  *Id*.

Pursuant to 28 U.S.C. § 1915(a)(3), " [a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The Supreme Court has stated that "[t]he only statutory requirement for the allowance of an indigent's appeal is the

---

[1]  Plaintiff failed to comply with Federal Rule of Civil Procedure 24(a)(1)(C) by neglecting to state the issues he intends to raise on appeal.

applicant's 'good faith'" which can be "established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674-675 (1958) ("The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit."); *cf. Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983) (""An investigation into the *in forma pauperis* movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown.")  An action is frivolous within the meaning of 28 U.S.C. § 1915 where a plaintiff fails to present a claim with an arguable or rational basis in law or in fact; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios.  *See, e.g., Wesselman v. Howard-Hughes*, 1996 U.S. App. LEXIS 14402 at *2-3 (6th Cir. 1996).

Although Plaintiff alleged legally cognizable claims against the Defendants, the factual allegations made by Plaintiff, as explained in the Court's summary judgment decision, were completely incapable of supporting the legal theories under which Plaintiff elected to proceed. Therefore, the Court is of the opinion that any appeal from the Court's decision granting summary judgment would be frivolous.  It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff's motion to proceed on appeal *in forma pauperis* is DENIED.

In addition, Plaintiff's financial affidavit indicates that he earned income, has $1,923.56 in the bank, has no dependents, and does not appear to have any debts.  (Doc. No. 70-3.)  To satisfy the allegation of poverty, Plaintiff must show that he or she "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents 'with the necessities of life.'"  *Hockless v. State Dep't of Parks & Rec.*, 2007 U.S. Dist. LEXIS 35582 (E.D. Cal. 2007), *quoting Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69

S. Ct. 85, 93 L. Ed. 43 (1948); *accord Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) ("An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915.")  Based on the financial data provided by Plaintiff in his affidavit, he should be able to pay the filing fee without depriving himself of the necessities of life such as shelter, food, clothing, and necessary utilities.

    IT IS SO ORDERED

                                          /s/ Nancy A. Vecchiarelli
                                          U.S. Magistrate Judge

Date: August 21, 2007